IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 22-CR-101-WKW |
| | ) | |
| JYRIA YE'VAE BARNES | ) | |

**MEMORANDUM OPINON AND ORDER**

Before the court is Defendant Jyria Ye'Vae Barnes's *pro se* motion for early release from prison (Doc. # 255), which is construed as a motion under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release.  Also before the court is Ms. Barnes's *pro se* motion to reduce the special assessment fee, which is construed as a motion under 18 U.S.C. § 3664(k) to reduce the amount of restitution payments while in custody.  (Doc. # 252.)  The Government filed a response in opposition to both motions.  (Doc. # 259.)  For the reasons that follow, both motions will be denied.

**I.     Motion for Compassionate Release**

The Government's response to Ms. Barnes's motion for compassionate release invokes the exhaustion requirement under § 3582(c)(1)(A).  (Doc. # 259 at 1–2.)  Although § 3582(c)(1)(A)'s "exhaustion requirement is not jurisdictional," it is "mandatory in the sense that a court must enforce" the requirement if the Government "properly raises it."  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (citation and internal quotation marks omitted).  Because the Government

properly raised the exhaustion requirement and because exhaustion has not been established, Ms. Barnes's motion will be denied without prejudice.

## II.  Motion to Reduce the Restitution Payment Amounts While in Custody

The following background provides context concerning Ms. Barnes's motion under § 3664(k) to reduce the amount of her restitution payments while in custody. Ms. Barnes was convicted on her guilty plea to one count of conspiracy to commit postal money order fraud and bank fraud, in violation of 18 U.S.C. § 371, referencing 18 U.S.C. §§ 500 and 1344.  (Docs. # 1, 178.)  She was sentenced to twenty-four months' imprisonment (Doc. # 178 at 2) and began serving her sentence on July 5, 2023 (Doc. # 208).  Additionally, the judgment requires Ms. Barnes to pay $94,574.00 in restitution, with interest waived, and her restitution obligation is joint and several with a co-defendant.  (Doc. # 178 at 6–7.)  The judgment further directs that any balance of restitution at the start of supervision shall be paid at a rate of not less than $50.00 per month and that "[u]nless the court has expressly ordered otherwise, . . . payment of criminal monetary penalties is due during the period of imprisonment."  (Doc. # 178 at 7.)  The court has not expressly ordered otherwise.

Section 3664(k) provides that, if there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the sentencing court, upon proper notice, may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  § 3664(k).

Ms. Barnes asserts that her payments while in custody are "currently too high for [her] to manage." (Doc. # 252 at 1.) However, she has not provided any information about her economic circumstances, preventing an assessment of whether there have been any material changes. Her lone assertion, without any supporting facts, is insufficient to demonstrate a material change in her economic circumstances, and, accordingly, the interests of justice do not warrant relief.

### III.   Conclusion

Based on the foregoing, it is ORDERED as follows:

(1)   Ms. Barnes's *pro se* motion for compassionate release (Doc. # 255) is DENIED without prejudice, with leave to refile, if necessary, upon exhaustion of administrative remedies; and

(2)   Ms. Barnes's *pro se* motion under 18 U.S.C. § 3664(k) to reduce the amount of restitution payments while in custody (Doc. # 252) is DENIED.

It is further ORDERED that the Government's motion to seal (Doc. # 258) is GRANTED.

DONE this 3rd day of March, 2025.

>                  /s/ W. Keith Watkins
>           UNITED STATES DISTRICT JUDGE